**IT IS SO ORDERED.**

**SIGNED THIS: November 13, 2007**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| K AND D DISTRIBUTION SERVICES, INCORPORATED, | ) Bankruptcy Case No. 07-90708 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on a disclosure of compensation by attorneys for the Debtor, Response to Oral Complaint filed by Ostling & Associates, Recommendation Regarding Attorney Fee Request filed by the United States Trustee, Response to UST Recommendation Regarding Attorney Fee Request filed by Ostling & Associates, and a Motion for Evidentiary Hearing and Discovery filed by Robert M. Ropp, of Ostling & Associates; the Court, having heard arguments of counsel and reviewed the record of Debtor's bankruptcy proceeding and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On August 31, 2007, Debtor's attorneys, Ostling & Associates, filed an invoice for attorney fees seeking total fees in the amount of $16,165.81. The invoice recognized a

retainer previously paid by the Debtor in the amount of $12,000, and additionally requested that the sum of $4,165.81, be paid by the Debtor. The itemization filed on August 31, 2007, was not in the form of a fee application, but was, rather, merely an invoice and an itemization of the time which attorneys from Ostling & Associates had allegedly spent on Debtor's Chapter 11 proceeding. A hearing was held on September 13, 2007, at which time the President of the Debtor Corporation appeared and objected to the fees sought by Ostling & Associates, arguing that the Chapter 11 filing was not beneficial to the Debtor Corporation and that the Debtor Corporation would have been better off if it had not filed bankruptcy at all. In addition to the objection raised by the President of the Debtor Corporation, the Office of the United States Trustee appeared at hearing on September 13, 2007, and objected to the attorney fee request. At the close of hearing on September 13, 2007, the Court directed Ostling & Associates to file a written response to the issues raised by the President of the Debtor Corporation and the Office of the United States Trustee and further directed that the Office of the United States Trustee file a recommendation regarding the attorney fee request of Ostling & Associates. The appropriate responses were filed, and a further hearing was held on November 8, 2007.

     This Court has previously outlined the procedure which it follows in evaluating fee applications in the case of In re Chellino, 209 B.R. 106 (Bankr. C.D. Ill. 1996), *aff'd.* on appeal at 138 F.3d 314 (C.A. 7 1998), where it stated in part:

> In evaluating attorney fee applications and itemizations the Court must consider the following areas:
>
> (1)    Are the services that are the subject of the application properly compensable as legal services?
>
> (2)    If so, were they necessary and is the performance of necessary tasks adequately documented?
>
> (3)    If so, how will they be valued? Were the necessary tasks performed within a reasonable amount of time and what is the reasonable value of that time?

See: In re Wiedau, 78 B.R. 904 (Bankr. S.D. Ill. 1987), citing In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987). In re East Peoria Hotel Corp., 145 B.R. 956 (Bankr. C.D. Ill. 1991).

In order to support a fee application, a time itemization must list each activity, its date, the attorney who performed the work, a description of the nature and substance of the work performed, and the time spent on the work. Wiedau, supra, at 907. Time entries for telephone calls, conferences, and letters must state the purpose or nature of the service and the persons involved. Id. at 908. Each type of service must be listed separately with the corresponding specific time allotment. Services may not be lumped together. Additionally, time expended must be reasonable in light of the results obtained. In re Mid-State Fertilizer Co., 83 B.R. 555 (Bankr. S.D. Ill. 1988); and In re Prairie Central Railway Co., 87 B.R. 952 (N.D. Ill., E.D., 1988).

In reviewing the fee itemization filed by Ostling & Associates on August 31, 2007, the Court concludes that the itemization does not support the legal fees requested in any manner whatsoever. The itemization was not filed as a formal fee application, but was, rather, submitted in the form of an invoice listing the amount of hours spent on certain legal activities, the attorneys who performed those activities, the hourly rate, and the time spent. While the itemizations do reflect certain attorney activities, the Court is unable to find that those activities, in fact, benefitted the Debtor Corporation. The burden of proof is upon attorneys for the Debtors to show that the services performed were properly compensable, that they were necessary, and that they, in fact, provided a benefit to the Debtor Corporation. See: Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); and In re Smith, 48 B.R. 375 (Bankr. C.D. Ill. 1984). In this instance, the Court must conclude that the Debtor's attorneys have not met their burden of proof to establish that the services performed were reasonable, that those services provided a valuable benefit to the Debtor Corporation, and that those services were necessary. The Court finds that Ostling & Associates has been given ample opportunity to provide evidence and support of the fee request, and that the materials submitted and the statements made by representatives of Ostling & Associates have been wholly inadequate to support the award of any attorney fees whatsoever. As a result, the Court finds that the fee itemization filed on August 31, 2007,

3

must be denied in total, and that the retainer paid in the amount of $12,000 by Debtor Corporation should be disgorged within 30 days of the date of this Opinion and Order.

###